*R. K. Smith, for appellant.*

---

## JOHN MILLETT *v.* R. C. MILLET.

**Accounts, Action On—Promissory Notes, Prima Facie Evidence of Settlement.**

Appellant, in his answer, pleads as a set-off against the demands of the appellee, three several notes executed by the latter to the former, subsequent to the transactions involved in this litigation, which are prima facie evidence that all antecedent indebtedness on either side, except the amount of the note first executed, was thereby closed up.

**Accounts, Action On—Evidence—Book Accounts.**

The entries in an account book kept by a party to the action are competent against him as admissions, and though in writing, still like oral admissions, the whole of the entries in the same book relating

to the same subject must be taken together, as well as those made by the party against himself as those for himself.

### APPEAL FROM FULTON CIRCUIT COURT.

#### June 16, 1871.

OPINION BY JUDGE PETERS:

These two suits commenced, the one on the 23d of August, 1865, for $1,400 for unpaid balance claimed for rent of store room, and the other on the 30th of the same month for a store account of $115.66, which were consolidated and by answers, amended answers and petitions and cross-pleadings, in the completion of which about four years were consumed, and transactions which had slept so long that time, if relied upon on either side, would have been available to secure them an eternal repose, were brought up, whereby the record was swelled into volumes and the amounts involved assumed such proportions as to culminate in a verdict and judgment unasked for and perhaps never thought of at the commencement of the controversies.

Appellant in his answer pleaded as off-sets against the demands of appellee three or four several notes or due bills executed by the latter to the former in the year 1863, being subsequent to all the transactions which have given such importance to this litigation and which were prima facie evidence that all antecedent indebtedness on either side except the amount of the note first executed was thereby closed up. But appellant opened the door for the bringing up of their previous dealings by asserting a claim for over $11,000, for services and labor adjudged to have been performed by him for appellee, commencing in 1858 and continuing for a series of years, which invited an assertion of various large claims by appellee against him, covering the same periods relating to a mercantile transaction between them, involving long and complicated accounts and, notwithstanding the character of the controversy, these matters were submitted to the determination of a jury, although both parties, at different times during the litigation, moved the court to transfer the cases to the equity docket.

On the trial of the cause, after various exceptions were taken to depositions on both sides and objections to evidence, appellee

read to the jury as evidence certain entries of credits on a book of accounts made by appellant in said book kept by him containing credits given to appellee or accounts showing balances in his favor or designated by the pages of said book, and which book, belonging to appellant, he was forced under a subpoena duces tecum to produce into court by appellee, appellant offered to read from the same book certain items charged against appellee for building materials furnished by him amounting to $1,163, to the reading of which appellee objected. The court sustained the objection and refused to permit the same to be read to the jury, to which ruling appellant excepted.

These entries read by appellee were competent against appellant as admissions, and though in writing, still like oral admission, the whole of the entries in the same book relating to the same subject must be taken together, and as the trial was by jury, it was for the jury to consider, under all the circumstances, what credit they should give to the whole of the entries, as well those made by the party against himself as those for himself. Otherwise great injustice might arise by reading or proving what a party may have admitted and excluding what he said or wrote at the same time or on the same subject, which would have explained the true meaning of what he said or wrote.

The court therefore erred in refusing to permit appellant to read from the book of accounts the items or entries which he offered to read, made in the same book from which appellee had read extracts, and the errors were prejudicial to appellant.

Exceptions were taken to the ruling of the court by appellant in refusing to give instructions to the jury as asked by him, but we deem it unnecessary to go into an investigation of the propriety of the rulings of the court below in giving and refusing instructions as the judgment must be reversed for the cause stated, and upon the return of the cause the court below should transfer it to the equity docket and refer the accounts of the parties to the master to audit and state the same from the proof already taken and such other proof as the parties respectively may offer and report the result of his investigations to the court.

We forbear to express any opinion as to the merits of the controversy on either side, since both parties seem determined to go behind such evidence as might indicate an adjustment on all

these complicated accounts by the parties themselves, and to have a judicial investigation of the same.

Wherefore, the judgment is reversed and the cause remanded for further proceedings consistent with the principles of this opinion.

*James, W. R. Bradley, Kingman,* for appellant.
*Tyler, Roalhac & Lauderdale,* for appellee.